IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| BNSF RAILWAY CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-579-A |
| | § | |
| JOHN W. ORRISON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, John W. Orrison, to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. The court, having considered the motion, the response of plaintiff, BNSF Railway Co., the record, and applicable authorities, finds that the motion should be denied.

I.

Plaintiff's Claims

On April 23, 2018, plaintiff filed its original petition in the District Court of Tarrant County, Texas, 348th Judicial District. On July 15, 2018, defendant filed his notice of removal, bringing the case before this court. Doc.[1] 1.

Plaintiff sues defendant for breach of contract, alleging that he violated several of the terms of a severance plan

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

agreement. Doc. 7, Ex. B, Pl.'s Orig. Pet. Plaintiff alleges:

Plaintiff is a Delaware corporation with its principal place of business in Fort Worth, Texas. Id. ¶ 2. Defendant is an individual residing in Massachusetts. Id. ¶ 3. Defendant is the former assistant vice president of service design and performance for plaintiff. Id. ¶ 8. Defendant resided in Texas and worked at plaintiff's Fort Worth location during his employment with plaintiff. Id. ¶ 5. Defendant terminated his employment with plaintiff in early 2012. In connection with his separation, he and plaintiff signed a "Severance Plan Release and Addendum" (the "severance agreement"), pursuant to which plaintiff paid defendant lucrative severance benefits and, in exchange, defendant promised (a) not to disparage plaintiff, (b) to continue his adherence to plaintiff's code of conduct, which included refraining from using or disclosing plaintiff's confidential information, and (c) to cooperate with plaintiff in any lawsuit, arbitration, or proceeding in which plaintiff's legal or financial interests were at stake. Id. ¶ 9. Defendant has breached and is continuing to breach the severance agreement by serving as an expert witness for plaintiff's opponent in an arbitration, by sharing confidential information with third parties, by disparaging plaintiff, and by using plaintiff's information for personal gain. Id. ¶ 12-13.

II.

## Grounds of the Motion

Defendant urges that the court lacks personal jurisdiction over him. In the alternative, he asks the court to transfer this action to the District of Massachusetts, where he resides, or to the District of the District of Columbia, where the arbitration is pending.

III.

## Applicable Legal Principles

A. Personal Jurisdiction

The burden is on plaintiff to establish the court's jurisdiction over defendant. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). Personal jurisdiction need not be established by a preponderance of the evidence at this stage; prima facie evidence is sufficient. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008); WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989). The court may resolve jurisdictional issues by reviewing pleadings, affidavits, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's

3

evidence, such as affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material conflicts are resolved in favor of plaintiff. Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of the forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47. Since the Texas long-arm statute has been interpreted as extending to the limits of due process, the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion v. Gillespie, 895 F.2d 212, 216 (5th Cir. 1990).

For due process to be satisfied, a nonresident must have minimum contacts with the forum state resulting from an affirmative act on the defendant's part and the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 425 (5th Cir. 2005). The "minimum contacts" prong of

the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident. Bullion, 895 F.2d at 216.

For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Perkins v Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068. As the Supreme Court has recently explained, the proper consideration when determining general jurisdiction is whether the defendant's affiliations with the state are so continuous and systematic as to render it

"essentially at home" in the forum state.[2] Daimler AG v. Bauman, 571 U.S. 117, 138-39 (2014)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). For example, a corporation's place of incorporation and principal place of business are the places where it is at home and are thus paradigm bases for jurisdiction. Id. at 137. A corporation is not "at home" in every state where it engages in a substantial, continuous, and systematic course of business. Id. at 137-38, 139 n.20. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. Id. at 137.

B.  Venue

The pertinent statute provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Whether a motion to transfer venue should be granted lies within the court's sound discretion. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).

The court considers both public and private factors in determining whether a transfer should be ordered. The private

---

[2] In BNSF Ry. Co. v. Tyrrell, the Supreme Court made clear that the Daimler test "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." 137 S. Ct. 1549, 1559 (2017).

interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law. Id.

The burden rests on the moving party to show that the initial choice of forum should be disturbed. TIG Ins. Co. v. NAFCO Ins. Co., Ltd., 177 F. Supp. 2d 561, 568 (N.D. Tex. 2001). The moving party must make a particularized showing why transfer is necessary and the court may not transfer a case where the result is merely to shift the inconvenience of venue from one party to the other. Salinas v. O'Reilly Auto., Inc., 358 F. Supp. 2d 569, 572 (N.D. Tex. 2005); TIG Ins. Co., 177 F. Supp. 2d at 568; Fowler v Broussard, No. 3:00-CV-1878-D, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001).

IV.

Analysis

In this case, plaintiff has made a <u>prima facie</u> showing that specific jurisdiction exists. Plaintiff's appendix, Doc. 12, establishes that: defendant was employed by plaintiff in Texas in 2005, <u>id.</u> App. 1-2, ¶ 4; defendant worked for plaintiff at its Fort Worth headquarters from 2005 through 2011, <u>id.</u> ¶ 5; defendant resided in Texas while working for plaintiff, <u>id.</u> App. 4, ¶ 12; during his employment, defendant was privy to plaintiff's confidential and proprietary information, <u>id.</u> App. 3, ¶ 10; plaintiff and defendant negotiated and executed the severance agreement in Texas, <u>id.</u> ¶ 11; the severance payment was made to defendant in Texas, <u>id.</u> App.5-15. The severance agreement includes continuing obligations on the part of defendant. Doc. 4, Ex. 1.

Defendant was physically present in Texas and purposefully entered into the severance agreement, creating a continuing obligation to plaintiff, a Texas resident. Accordingly, the exercise of jurisdiction over defendant is proper. <u>Burger King</u>, 471 U.S. at 476; <u>Moncrief Oil Int'l Inc. v. OAO Gazprom</u>, 481 F.3d 309, 312 (5th Cir. 2007)(exercise of jurisdiction proper where Texas was clearly the hub of the parties' activities). The fact that defendant moved away from Texas several months after signing

8

the severance agreement does not divest the court of jurisdiction over him. Steel v. United States, 813 F.2d 1545, 1549 (9th Cir. 1987); Keller v. Millice, 838 F. Supp. 1163 (S.D. Tex. 1993). Having entered into the severance agreement here, defendant should have anticipated being sued here if he breached the agreement. The exercise of jurisdiction does not offend traditional notions of fair play or substantial justice. Burger King, 471 U.S. at 473-74; Keller, 838 F. Supp. at 1169.

Defendant alternatively asks the court to transfer jurisdiction to the place where he resides or where the arbitration is pending. He does not address the factors set forth in Volkswagen, recited above. He simply makes a conclusory argument of one page in length and refers to certain paragraphs of an attached declaration. Doc. 4 at 9-10. At most defendant has shown that a transfer would shift the burden of inconvenience from him to plaintiff, but that is not a reason for ordering transfer of venue. Salinas, 358 F. Supp. 2d at 572. Defendant has not shown that either proposed venue is clearly more convenient. Volkswagen, 545 F.3d at 315. Thus, plaintiff's choice of venue should be respected. Id.

As plaintiff points out, the pertinent factors weigh in favor of venue here. Doc. 10 at 13-18. This action concerns breach of contract. There is no reason to believe that ease of

access to sources of proof is a real concern. Defendant has not identified any witness who is unwilling to testify or whose attendance cannot be compelled. He does not address the cost of attendance for willing witnesses or any other practical problems that make trial easy, expeditious, and inexpensive. Defendant does not address the administrative difficulties flowing from court congestion. Plaintiff has shown, and the court knows, that the case will get to trial here much more quickly than it would in either Massachusetts or the District of Columbia. Defendant does not address the local interest in the action, but it is plain that Texas has great interest in it. Plaintiff resides here and the contract was negotiated and executed here. Texas law will apply. See Bailey v. Shell W. E&P, Inc., 609 F.3d 710, 722-23 (5th Cir. 2010). There are not other cases presenting a realistic possibility of consolidation.

V.

Order

The court ORDERS that defendant's motion to dismiss or, in the alternative, to transfer venue be, and is hereby, denied.

SIGNED August 8, 2018.

_____
JOHN McBRYDE
United States District Judge

10